1  Eugene P. Ramirez (State Bar No. 134865)
    *Eugene.Ramirez@manningkass.com*
2  Andrea K. Kornblau (State Bar No. 291613)
    *Andrea.Kornblau@manningkass.com*
3  Khouloud Pearson (State Bar No. 323108)
    *Khouloud.Pearson@manningkass.com*
4  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
5  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
6  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
7
8  Attorneys for Defendants, CITY OF HEMET
   and OFFICER JESSE ZUNIGA

9

10                **UNITED STATES DISTRICT COURT**

11                **CENTRAL DISTRICT OF CALIFORNIA**

12

| | |
|---|---|
| 13  ARTURRO JORDAN, | Case No. 5:24-cv-01362-JGB-SHK |
| 14         Plaintiff, | *[Hon. Jesus G. Bernal, D.J.;* *Hon. Shashi H. Kewalramani, M.J.]* |
| 15         v. | |
| 16  CITY OF HEMET, a municipal corporation; JESSE ZUNIGA, an individual; and DOES 1 through 10, individuals, inclusive, | **DEFENDANTS CITY OF HEMET AND OFFICER JESSE ZUNIGA'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL** |
| 17 | |
| 18         Defendant. | |
| 19 | |

20        Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants

21  CITY OF HEMET and OFFICER JESSE ZUNIGA ("Defendants") answer the

22  Complaint of Plaintiff ARTURRO JORDAN ("Plaintiff").  If an averment is not

23  specifically admitted, it is hereby denied.

24                    **ANSWER TO COMPLAINT**

25        1.    Answering Paragraph 1, Defendants do not have sufficient knowledge,

26  or information or belief, to enable Defendants to answer the allegations contained

27  within this paragraph, as stated, and on those grounds deny generally and specifically

28  each and every allegation contained therein.

4875-8770-8734.1

2.     Answering Paragraph 2, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

3.     Answering Paragraph 3, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

4.     Answering Paragraph 4, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

5.     Answering Paragraph 5, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

6.     Answering Paragraph 6, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

7.     Answering Paragraph 7, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

8.     Answering Paragraph 8, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

**DEFS CITY & OFC ZUNIGA'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

MANNING | KASS

**MK**

9.    Answering Paragraph 9, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

10.    Answering Paragraph 10, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

11.    Answering Paragraph 11, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

12.    Answering Paragraph 12, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

13.    Answering Paragraph 13, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

14.    Answering Paragraph 14, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

15.    Answering Paragraph 15, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

**DEFS CITY & OFC ZUNIGA'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

16.    Answering Paragraph 16, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

17.    Answering Paragraph 17, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

18.    Answering Paragraph 18, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

19.    Answering Paragraph 19, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

20.    Answering Paragraph 20, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

21.    Answering Paragraph 21, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

22.    Answering Paragraph 22, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

**DEFS CITY & OFC ZUNIGA'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

23.    Answering Paragraph 23, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

24.    Answering Paragraph 24, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

25.    Answering Paragraph 25, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

26.    Answering Paragraph 26, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

27.    Answering Paragraph 27, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

28.    Answering Paragraph 28, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

29.    Answering Paragraph 29, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

30.     Answering Paragraph 30, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

31.     Answering Paragraph 31, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

32.     Answering Paragraph 32, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

33.     Answering Paragraph 33, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

34.     Answering Paragraph 34, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

35.     Answering Paragraph 35, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

36.     Answering Paragraph 36, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

37.     Answering Paragraph 37, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

38.     Answering Paragraph 38, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

39.     Answering Paragraph 39, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

40.     Answering Paragraph 40, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

41.     Answering Paragraph 41, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

42.     Answering Paragraph 42, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

43.     Answering Paragraph 43, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

**DEFS CITY & OFC ZUNIGA'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

44.     Answering Paragraph 44, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

45.     Answering Paragraph 45, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

46.     Answering Paragraph 46, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

47.     Answering Paragraph 47, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

48.     Answering Paragraph 48, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

49.     Answering Paragraph 49, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

50.     Answering Paragraph 50, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

**DEFS CITY & OFC ZUNIGA'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

51.    Answering Paragraph 51, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

52.    Answering Paragraph 52, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

53.    Answering Paragraph 53, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

54.    Answering Paragraph 54, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

55.    Answering Paragraph 55, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

56.    Answering Paragraph 56, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

57.    Answering Paragraph 57, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

58.     Answering Paragraph 58, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

59.     Answering Paragraph 59, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

60.     Answering Paragraph 60, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

61.     Answering Paragraph 61, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

62.     Answering Paragraph 62, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

63.     Answering Paragraph 63, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

64.     Answering Paragraph 64, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

**DEFS CITY & OFC ZUNIGA'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

65.     Answering Paragraph 65, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

66.     Answering Paragraph 66, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

67.     Answering Paragraph 67, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

68.     Answering Paragraph 68, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

69.     Answering Paragraph 69, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

70.     Answering Paragraph 70, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

71.     Answering Paragraph 71, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

**DEFS CITY & OFC ZUNIGA'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

72.     Answering Paragraph 72, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

73.     Answering Paragraph 73, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

74.     Answering Paragraph 74, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

75.     Answering Paragraph 75, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

76.     Answering Paragraph 76, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

77.     Answering Paragraph 77, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

78.     Answering Paragraph 78, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

79. Answering Paragraph 79, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

80. Answering Paragraph 80, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

81. Answering Paragraph 81, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

82. Answering Paragraph 82, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

83. Answering Paragraph 83, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

84. Answering Paragraph 84, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

85. Answering Paragraph 85, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

86.     Answering Paragraph 86, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

87.     Answering Paragraph 87, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

88.     Answering Paragraph 88, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

89.     Answering Paragraph 89, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

90.     Answering Paragraph 90, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

91.     Answering Paragraph 91, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

92.     Answering Paragraph 92, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

**DEFS CITY & OFC ZUNIGA'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

93.     Answering Paragraph 93, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

94.     Answering Paragraph 94, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

95.     Answering Paragraph 95, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

96.     Answering Paragraph 96, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

97.     Answering Paragraph 97, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

98.     Answering Paragraph 98, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

99.     Answering Paragraph 99, Defendants do not have sufficient knowledge, or information or belief, to enable Defendants to answer the allegations contained within this paragraph, as stated, and on those grounds deny generally and specifically each and every allegation contained therein.

**DEFS CITY & OFC ZUNIGA'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

100.   Answering Plaintiff's Prayer for Relief, Defendants deny all liability to plaintiff, including but not limited to all liability for any damages (general, special, exemplary or otherwise), penalties, fees, or costs of any kind, or for any relief of any kind from any of the Defendants to Plaintiff.

101.   To the extent Plaintiff asserts any other claims or contentions not specifically addressed herein above, Defendant generally and specifically denies each and every of the remaining allegations and/or claims.

## AFFIRMATIVE DEFENSES

1.   As separate and affirmative defenses, Defendant(s) allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim For Relief)

2.   As a separate and first affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Plaintiff's Complaint also fails to state a claim against any defendant in this action.

3.   Plaintiff has failed to allege in this Complaint sufficient facts to state a claim for compensatory or punitive damages for any action taken by any Defendant in his/her individual or official capacity.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

4.   As a separate and second affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege each Plaintiff's action is time-barred by the operative statute(s) of limitations.  Plaintiff's Complaint and each purported cause of action therein is barred by the applicable statute of limitations, including, but not limited to California Code of Civil Procedure §§ 335.1, 337, 337.1, 337.15, 338(a), 338(b), 338(c), 338(d), 339, 340(3) and/or 343.

5.   Plaintiff's action is barred by laches and delay on the Plaintiff's part to the prejudice of Defendants.

### THIRD AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative Remedies)

6.     As a separate and third affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that the Complaint is barred based on Plaintiff's failure to exhaust administrative remedies prior to filing this lawsuit.  This action is barred by the Plaintiff's failure to comply with the government tort claims presentation requirements, California Government Code § 900, *et seq*., including, but not limited to §§ 900, 900.4, 901, 905, 905.2, 910, 911, 911.2, 911.4, 945.4, 945.6, 946.6, 950.2 and 950.6, to the extent applicable.

7.     Plaintiff's recovery is barred for failure to timely comply with the provisions of the claims statutes, including, but not limited to California Government Code §§ 901, 905, 905.2, 911.2, 945.4, 945.6, 950.2.

8.     Plaintiff's recovery is barred because the factual allegations of the complaint do not correspond with the facts set forth in Plaintiff's written claim.  The complaint thereby alleges a factual basis for recovery which is not fairly reflected in the written claim.

### FOURTH AFFIRMATIVE DEFENSE

#### (Contributory or Comparative Negligence of Plaintiffs)

9.     As a separate and fourth affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege Plaintiff's claims are barred or limited by Plaintiff's own contributory/comparative negligence or other conduct, acts, or omissions.  To the extent any Plaintiff suffered any injury or damages, it was the result of Plaintiff's own negligence or deliberate actions or omissions.

10.     Plaintiff's recovery is barred because any injury or damage suffered by Plaintiff was caused solely by reason of the Plaintiff's wrongful acts and conduct. The conduct set forth in the complaint, if and to the extent it occurred, was

MANNING | KASS

MK

1 | privileged and justified and done with a good faith belief that it was correct and no
2 | action may be taken against the answering Defendants on account of such conduct.

### FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

11.    As a separate and fifth affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendant alleges that Plaintiff's action is barred by reason of conduct, actions and inactions of Plaintiff which amount to and constitute a waiver of any right Plaintiff may or might have had in reference to the matters and things alleged in the Complaint, or that otherwise estop Plaintiff from recovery in this action, including but not limited to the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

12.    As a separate and sixth affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate Plaintiff's injuries or damages, if there were any.  Plaintiff has failed to mitigate the damages, if any, which Plaintiff has sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiff has failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

### SEVENTH AFFIRMATIVE DEFENSE

### (Pubic Entity Immunity)

13.    As a separate and seventh affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that Plaintiff's recovery is barred because public entities and employees are immune from liability

MANNING | KASS

**DEFS CITY & OFC ZUNIGA'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

1  for any injury caused by the act or omission of another person. Gov. Code §§ 815 *et*
2  *seq*., 820.2 *et seq*.

3      14.    The answering Defendant(s) is/are informed and believes and thereon
4  alleges that if any Plaintiff sustained any injury or damages, such injury or damages
5  were solely caused or contributed to by the wrongful conduct of other defendants
6  and/or entities or persons other than the answering defendant(s).  To the extent that
7  any of Plaintiff's damages were so caused, any recovery by Plaintiff as against the
8  answering Defendant(s) should be subject to proportionately comparative equitable
9  indemnity/contribution from such third parties.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Exercise of Discretion Vested in Public Employee)**

12      15.    As a separate and eighth affirmative defense to the Complaint, and to
13  the purported causes of action set forth therein, Defendants allege that there is no
14  liability for any injury or damages, if any there were, resulting from an exercise of
15  discretion vested in a public employee, whether or not such discretion be abused.
16  Gov. Code § 815.2, 820.2, 820.4, 820.8, 820 *et seq*.

17      16.    Plaintiff's recovery is barred because public entities and employees are
18  immune from liability for discharging their mandatory duties with reasonable
19  diligence.

20      17.    A public employee may not be held liable for injuries or damages, if
21  any, caused by failure to adopt or by adoption of an enactment or by failure to
22  enforce an enactment and/or law, for an injury caused by his issuance, denial,
23  suspension or revocation or by his failure or refusal to issue, deny, suspend or
24  revoke, any permit, license, certificate, approval, order, or similar authorization,
25  where he is authorized by enactment to determine whether or not such authorization
26  should be issued, denied, suspended or revoked, pursuant to Government Code
27  §§ 818.2, 818.4, 818.8, 821 and 821.2.  Based thereon, the answering Defendant is
28  immune from liability for any injuries claimed by plaintiffs, herein.

MANNING | KASS

18.    This answering Defendants are immune from any detriment resulting from any of its actions or omissions at the time of the incident of which Plaintiff complains pursuant to Government Code § 810 *et seq*., 815 *et seq*., 820 *et seq*., and 845 *et seq*., including, but not limited to, §§ 810, 810.2, 810.4, 810.6, 810.8, 811, 811.2, 811.4, 811.6, 811.8, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 830.5, 830.6, 835.4, 844.6, and Government Code §§ 854, *et seq*., including, but not limited to, §§ 845.6, 854.6, 854.8(a)(2), and §§ 855.4, 855.6, 855.8 and 856.4.

## NINTH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

19.    As a separate and ninth affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that Defendants and its agents, officers or deputies at all times relevant to this action acted reasonably and prudently under the circumstances.  Defendants therefore assert the individual defendants' Qualified Immunity from liability to the fullest extent applicable.

20.    Defendant(s) is/are immune from liability under the Federal Civil Rights Act because they acted in good faith with an honest and reasonable belief that their actions were necessary and appropriate.  Defendant(s) is/are immune from liability under the Federal Civil Rights Act because a reasonable police officer could believe that their acts and conduct were appropriate.  Defendant(s) is/are immune from liability under the Federal Civil Rights Act because their conduct did not violate clearly established rights.  Defendant(s) is/are also immune from liability under the doctrine of Qualified Immunity.

21.    At all relevant times, Defendants acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws. *Harlow v. Fitzgerald* (1982) 457 U.S. 800; Cal Gov. Code §§ 815.2 and 820.2.

## TENTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

22.    As a separate and tenth affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that at the time and place referred to in the Complaint for Damages, and before such event, Plaintiff knew, appreciated, and understood each and every risk involved in placing himself in the position which plaintiff then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury, lawful deprivation of right(s), or death.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Collateral Estoppel/Res Judicata)

23.    As a separate and eleventh affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that the Complaint is barred under the doctrine of collateral estoppel (issue preclusion) and/or res judicata (claim preclusion).

## TWELFTH AFFIRMATIVE DEFENSE

### (Election)

24.    As a separate and twelfth affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that at the time of trial, the answering defendant(s) may elect to limit or diminish Plaintiff's alleged damages of losses as provided and authorized by California Civil Code § 3333.1, California Civil Code § 3333.2 and California Code of Civil Procedure § 667.1, and the provisions of Proposition 51 as enacted into law in the State of California.

25.    In the event that any of the Defendants herein is found to be liable for damages to any plaintiff, the liability, if any, for any amount of non-economic damages, if awarded, shall be reduced or limited pursuant to Civil Code § 1431.2, in direct proportion to each individual answering defendant's percentage of negligence or fault in relation to the fault of all joint tortfeasors, or other liable persons, whether

1  joined as defendants or not; and that a separate judgment be rendered against each

2  answering defendant for such amount.

3  ## THIRTEENTH AFFIRMATIVE DEFENSE

4  ### (No Legal Duty Owed to Plaintiffs)

5        26.    As a separate and thirteenth affirmative defense to the Complaint, and

6  to the purported causes of action set forth therein, Defendants allege that none of the

7  named defendants owed a legal duty to Plaintiffs, as described in Plaintiff's

8  Complaint for Damages, or otherwise.

9  ## FOURTEENTH AFFIRMATIVE DEFENSE

10  ### (Unavoidable Detriment)

11        27.    As a separate and fourteenth affirmative defense to the Complaint, and

12  to the purported causes of action set forth therein, Defendants alleges that to the

13  extent that Plaintiff suffered any detriment, such detriment was unavoidable.

14        28.    The damages or injuries complained of by Plaintiff, if any, were the

15  result of an emergency situation, not created by any fault of any Defendants, and

16  into which they suddenly and unexpectedly were placed.

17        29.    The answering Defendant(s) is/are informed and believe and thereon

18  allege that the damages complained of in Plaintiff's Complaint, if any, resulted from

19  an unforeseeable and superseding cause thereby barring either partially or totally

20  Plaintiff's claimed damages herein.  The answering Defendant(s) is/are informed

21  and believe and thereon allege that each and all of the purported causes of action

22  and theories of relief asserted by Plaintiff in the Complaint are barred by virtue of an

23  independent intervening cause.

24  ## FIFTEENTH AFFIRMATIVE DEFENSE

25  ### (Failure to Join Indispensable Party)

26        30.    As a separate and fifteenth affirmative defense to the Complaint, and to

27  the purported causes of action set forth therein, Defendants allege that Plaintiff's

28

**MANNING | KASS**

1  claims are barred for failure to join an indispensable party under Federal Rule of

2  Civil Procedure 19.

3  ### SIXTEENTH AFFIRMATIVE DEFENSE

4  #### (Cal. Gov't Code 815.2 and 820.2 Foreclosure of Claims)

5       31.    As a separate and sixteenth affirmative defense to the Complaint, and

6  to the purported causes of action set forth therein, Defendants allege that to the

7  extent that the Complaint attempts to predicate liability upon any public entity

8  Defendants or any employee thereof for purported negligence in retention, hiring,

9  employment, training, or supervision of any public employee, such liability is barred

10  by Government Code sections 815.2 and 820.2 and *Herndon v. County of Marin*

11  (1972) 25 Cal. App. 3d 933, 935, 936, *rev'd on other grounds by Sullivan v. County*

12  *of Los Angeles* (1974) 12 Cal.3d 710; and by the lack of any duty running to any

13  plaintiff; by the fact that any such purported act or omission is governed exclusively

14  by statute and is outside the purview of any public employees' authority; and by the

15  failure of any such acts or omissions to be the proximate or legal cause of any injury

16  alleged in the Complaint. *See de Villers v. County of San Diego*, 156 Cal.App.4th

17  238, 251-253, 255-256 (2007).

18  ### SEVENTEENTH AFFIRMATIVE DEFENSE

19  #### (No Respondeat Superior Liability)

20       32.    As a separate and seventeenth affirmative defense to the Complaint,

21  and to the purported causes of action set forth therein, Defendants allege that this

22  answering Defendant(s) may not be held liable on a *respondeat superior* theory for

23  any negligent or wrongful act or omission on the part of any subordinate. Cal.

24  Government Code §§ 844.6, 845.6; Cal. Civil Code § 2351; *Malloy v. Fong* (1951)

25  37 Cal.2d 356, 378-379; *Monell v. Department of Social Services of the City of New*

26  *York* (1978) 436 U.S. 658; *Larez v. City of Los Angeles* (9th Cir. 1991) 946 F.2d

27  630, 645-646; *cf. City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989); *City of*

28  *Los Angeles v. Heller*, 475 U.S. 796 (1986).

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Bar To Punitive Damages)

33.     As a separate and eighteenth affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege Plaintiff may not recover punitive damages against a governmental entity, or against governmental employees acting in their official capacity, under federal or state law. Cal. Govt. Code § 818; *City of Newport v. Fact Concerts, Inc*. 453 U.S. 247, 271 (1981); *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996).

34.     At no time and place mentioned in the Complaint for Damages, did Defendant(s) act with deliberate indifference or malicious intent to deprive any person of any Constitutional or legal right or to cause any other injury and, therefore, Defendant(s) is/are immune from liability.

35.     Any claim for punitive damages is unconstitutional and invalid in that it violates the United States Constitution, including but not limited to the Due Process Clause of the Fifth and/or Fourteenth Amendments, as well as the Fifth, Sixth, Eighth, and/or Ninth Amendments.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Standing to Sue)

36.     As a separate and nineteenth affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that Title 8 *California Code of Regulations* 5193 and 29 C.F.R. § 1910.1030(d)(3)(i) do not apply to Plaintiffs as Plaintiffs were not employees of answering Defendant and were not exposed to any occupational hazards.  These code sections cannot serve as creating a legal duty owed to Plaintiff by this answering Defendant(s).  Plaintiff has no standing to sue the answering Defendants for violation of Title 8 *California Code of Regulations* 5193 or 29 C.F.R. § 1910.1030(d)(3)(i).  Additionally, the Occupational Health and Safety Administration standards do not apply to Plaintiff

1  because Plaintiff was not an employee of the answering Defendants on the date of

2  the incident.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Acts Alleged Are Merely Tortious)

37.  As a separate and twentieth affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege Plaintiff's claim under the Federal Civil Right Act is barred because the complaint fails to allege facts that go beyond mere tortious conduct and rise to the indignity of a civil rights violation.  All individual defendants acted with objective reasonableness under the totality of the circumstances and no individual defendant acted with deliberate indifference to a known right of Plaintiff or subjected Plaintiff to cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

38.  As a separate and twenty-first affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege the Court lacks subject matter jurisdiction of the claims alleged.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

39.  As a separate and twenty-second affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege the Court lacks personal jurisdiction over these answering defendants.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Improper Venue)

40.  As a separate and twenty-third affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that this case is brought in the improper venue, and/or there are circumstances that make the

MANNING | KASS

prosecution and defense of this action in this forum unfair, inequitable, and inappropriate.

### RESERVATION OF AFFIRMATIVE DEFENSES

1.    Because the Complaint is couched in vague and conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, Defendants hereby reserve the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, and/or to withdraw affirmative defenses as may be appropriate.  The assertion of any of the foregoing is not intended and shall not be construed as any stipulation regarding any shifting of the burden of proof to any defendant regarding any of Plaintiff's claims, or elements thereof.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

1.    That the First Amended Complaint be dismissed, with prejudice and in its entirety;

2.    That Plaintiff take nothing by reason of this First Amended Complaint and that judgment be entered against Plaintiff and in favor of Defendants;

3.    That Defendants be awarded its costs incurred in defending this action;

4.    That Defendants be granted such other and further relief as the Court may deem just and proper.

DATED:  August 20, 2024          **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By:  _____/s/ Andrea Kornblau_____
Eugene P. Ramirez
Andrea K. Kornblau
Khouloud Pearson
Attorneys for Defendants, CITY OF
HEMET and OFFICER JESSE ZUNIGA

1

## **DEMAND FOR JURY TRIAL**

2

3          Defendants, CITY OF HEMENT and OFFICER JESSE ZUNIGA, hereby

demands trial of this matter by jury.

4

5    DATED:  August 20, 2024          **MANNING & KASS**
                                      **ELLROD, RAMIREZ, TRESTER LLP**

6

7

8                                     By:  _____/s/ Andrea Kornblau_____

9                                          Eugene P. Ramirez

10                                         Andrea K. Kornblau
                                           Khouloud Pearson

11                                         Attorneys for Defendants, CITY OF
                                           HEMET and OFFICER JESSE ZUNIGA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28