UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   EDCV 24-01362-JGB (KSx)                    Date: December 18, 2025

Title     _Arturro Jordan v. City of Hemet et al._

Present: The Honorable:    Karen L. Stevenson, Chief United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff: N/A          Attorneys Present for Defendants: N/A

**Proceedings: (IN CHAMBERS) ORDER RE: PLAINTIFF'S OPPOSED _EX PARTE_ APPLICATION TO ENFORCE ORDER AND FOR SANCTIONS UNDER RULE 37(B)(2)(A) AND (C) [DKT. NO. 66]**

On December 15, 2025, Plaintiff Arturro Jordan filed an Opposed _Ex Parte_ Application to Enforce Discovery Order and for Sanctions Under Rule 37(B)(2)(A) and (C) ("_Ex Parte_ Application"). (Dkt. No. 66.) On December 16, 2024, at 10:43 p.m., Defendants City of Hemet and Officer Jesse Zuniga filed their Opposition to the _Ex Parte_ Application. (Dkt. No. 71.) On December 17, 2025, Plaintiff filed a Reply in Support of the _Ex Parte_ Application. (Dkt. No. 72.)

For the reasons outlined below, Plaintiff's _Ex Parte_ Application is **DENIED**.

### LEGAL STANDARD

_Ex parte_ relief is an extraordinary remedy reserved for urgent circumstances where the evidence shows: (1) "that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "that the moving party is without fault in creating the crisis that requires _ex parte_ relief, or that the crisis occurred as a result of excusable neglect." _Mission Power Engineering Co. v. Continental Cas. Co._, 883 F. Supp. 488, 492 (C.D. Cal. 1995). An _ex parte_ motion bypasses the regular procedures for a noticed motion and requires the court to immediately cease all other pending matters and address the _ex parte_ issues. _Id._

Here, Plaintiff filed the _Ex Parte_ Application on the last day of the discovery period, arguing that Defendants have continuously delayed producing to Plaintiff essential discovery that was already compelled by the Court, and a motion for review of this Court's November 24, 2025 Order ("November 24th Order") compelling further discovery responses by Defendants and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 24-01362-JGB (KSx)                    Date: December 18, 2025

Title    *Arturro Jordan v. City of Hemet et al.*

issuing sanctions against Defendants for the failure to produce discovery is still pending. Therefore, this Court cannot determine with any precision to what extent Defendants have purportedly failed to comply with the November 24th Order.

**THE PARTIES' POSITIONS**

### I.    Plaintiff's Arguments

Plaintiff argues that Defendants have largely failed to comply with the Court's orders for further production of documents and interrogatory responses.  Defendants dispute that characterization of their conduct.  Nevertheless, Plaintiff argues that he will be prejudiced by Defendants' stonewalling in discovery because Plaintiff will not be able to present essential evidence to establish his *Monell* claims and oppose Defendants' motion for summary judgment on *Monell* issues.  In the meantime, Defendants have brought their own motion seeking review of this Court's November 24th Order.  (Dkt. No. 61.)

Plaintiff seeks expedited relief, arguing that Defendants have failed to fully comply with the November 24th Order, which granted in part and denied in part a motion to compel that Plaintiff filed and required Defendants to provide further discovery responses and documents by December 8, 2025.  (Dkt. No. 56.)  Plaintiff urges that he has demonstrated irreparable injury and a sufficient emergency to warrant *ex parte* relief because the discovery cut-off was December 15, 2025, and the discovery the Court ordered Defendant to produce is essential to oppose Defendants' motion for summary judgment on Plaintiff's *Monell* claim.[1]  (Dkt. No. 66 at 5.)  In addition, Plaintiff seeks sanctions in the amount of $2,062.50 against Defendants pursuant to Federal Rule of Civil Procedure 37(b)(2)(C) for failing to comply with the Court's discovery order.  (*Id.* at 12.)

### II.    Defendants' Arguments

Defendants argue that Plaintiff's *Ex Parte* Application should be denied because it is procedurally improper and substantively incorrect.  (Dkt. No. 71 at 5-6.)  First, Defendants maintain that Plaintiff's effort to obtain *ex parte* relief is procedurally improper because Defendants' Rule 72(a) Motion for Reconsideration of the November 24th Order precludes the *ex parte* relief that Plaintiff seeks.  (*Id.*)  Second, on the adequacy of Defendants' compliance with

---

[1] Defendants filed their motion for summary judgment on December 15, 2025.  (Dkt. No. 68.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 24-01362-JGB (KSx)                    Date: December 18, 2025

Title    _Arturro Jordan v. City of Hemet et al._

the November 24th Order, Defendants insist that they have produced documents "within the limits
and schedule established in this Court's discovery rulings." (_Id._)  Defendants also argue that
through the California Public Records Act ("CPRA") litigation, Plaintiff has received "records on
a rolling basis through a parallel [CPRA] track." (_Id._ at 6-7.)  Defendants also represent that on
December 15, 2025, they served amended interrogatory responses and an amended request for
production of documents, along with a reminder that on Defendants provided an additional link
with responsive materials obtained through the CPRA action December 10, 2025. (_Id._)

**III.    <u>Plaintiff's Reply</u>**

     In the Reply, Plaintiff makes three arguments in response to Defendant's Opposition.  First,
Plaintiff challenges the argument that Defendants need not produce documents from other pending
unrelated lawsuits against Defendants. (Dkt. No. 74 at 1.)  Second, Plaintiff rejects the notion that
Defendants can fulfill their "discovery obligations in this federal case through production made in
separate state-law CPRA litigation." (_Id._)  Third, Plaintiff argues that "defendants made a material
misstatement of fact . . . when they asserted that they served 'amended requests for production of
documents responses on December 15, 2025' . . . which would have been within the discovery
cutoff and prior to Plaintiff filing his _ex parte_." (_Id._)  Plaintiff emphasizes that these amended
responses were not served until Defendants "filed them as an attachment to their opposition last
night." (_Id._)

**DISCUSSION**

     The Court has thoroughly considered Plaintiff's _Ex Parte_ Application, as well as the
Opposition and Reply.  While the Court is concerned that Defendants may have "run out the clock"
because the discovery cut-off passed on December 15, 2025, the parties continue to litigate the
scope and propriety of this Court's discovery orders before the presiding district judge.  Even
taking Plaintiff's assertion at face value that Defendants did not actually serve any amended
responses to Plaintiff but provided them as an exhibit with their Opposition, Defendants' alleged
disingenuousness does not, on its own, establish urgency or irreparable prejudice to warrant _ex
parte_ relief.

     Defendants argue that Plaintiff has access to certain policy-related documents produced on
a rolling basis via links provided from the CPRA litigation in California state court.  But
Defendants cannot satisfy their independent obligation to produce records responsive to discovery

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 24-01362-JGB (KSx)                    Date: December 18, 2025

Title   *Arturro Jordan v. City of Hemet et al.*

requests served upon Defendants directly in this federal proceeding by pointing to documents
accessed through separate state-court CPRA litigation.

Here, at the close of discovery, Plaintiff contends that Defendants' conduct leaves Plaintiff
both without the ability to obtain essential evidence from Defendants' own files and records that
Plaintiff needs to oppose Defendants' motion for summary judgment on his *Monell* claims and
without sufficient time in the discovery period to force Defendants' compliance with this Court's
discovery orders.  Indeed, Defendants' failure to fulfill their discovery obligations leaves Plaintiff
in a "heads I win, tails you lose" situation.  But, at this juncture, the Court cannot determine exactly
what specific additional discovery it would need to order as a remedy for Defendants' alleged non-
compliance.

Lastly, Plaintiff seeks sanctions in the amount of $2,062.50 against Defendants as the
reasonable expenses incurred in bringing the *Ex Parte* Application.  Federal Rule of Civil
Procedure 37(b)(2)(C) provides that when a party fails to comply with a court order, the Court
"must order a disobedient party, the attorney advising that party, or both, to pay the reasonable
expenses, caused by the failure, unless the failure was justified or other circumstances make an
award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).  Because Defendants have filed their own
motion seeking review of the November 24th Order requiring Defendants to promptly produce
additional responsive documents before the discovery cut-off, and that motion has not been
resolved, the Court cannot conclude that any failure to comply with the Court's discovery order
was unjustified.  Therefore, Plaintiff's request for sanctions is **DENIED**.

For all the reasons stated above, Plaintiff's *Ex Parte* Application is **DENIED**.

**IT IS SO ORDERED**.

                                                                              :

                                       **Initials of Preparer**      gr