**QURESHI LAW PC**
Omar G. Qureshi (Cal. Bar No. 323493)
omar@qureshi.law
Max A. Schoening (Cal Bar No. 324643)
max@qureshi.law
700 Flower Street, Suite 1000
Los Angeles, California 90017
Telephone: (213) 786-3478
Fax: (213) 277-8989

*Attorneys for Plaintiff Arturro Jordan*

# UNITED STATED DISTRCIT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURRO JORDAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF HEMET, a municipal corporation; JESSE ZUNIGA, an individual; and DOES 1 through 10, individuals, inclusive,<br><br>Defendants. | Case No.: 5:24-cv-01362-JGB-KS<br><br>Hon. Jesus G. Bernal, D.J.<br>Hon. Karen L. Stevenson, M.J.<br><br>**PLAINTIFF ARTURRO JORDAN'S NOTICE OF MOTIONS FOR LEAVE TO HAVE SANCTIONS MOTION HEARD AND FOR SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: Hon. Jesus G. Bernal, D.J.<br>Date: April 6, 2026<br>Time: 9:00 a.m.<br><br>Action filed: 7/1/24<br>Trial date: Not set |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 6, 2026, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 1 of the above captioned court located at 3470 Twelfth Street, Riverside, California, 92501, Plaintiff Arturro Jordan ("Plaintiff") will move for an order granting leave for this sanctions motion to be heard after the motion cutoff and granting the following sanctions pursuant to this Court's inherent authority: the disqualification of attorney Andrea Kornblau from this case and exclusion of any information derived from her communication with witness Xandra Vaughn.

Counsel for Plaintiff met and conferred with counsel for Defendant and the motions follow a reasonable and good faith attempt to obtain the relief requested. *See* Third Schoening Declaration.

Plaintiff's Motions are based on this Notice of Motions and Motions, the attached Memorandum of Points and Authorities, the accompanying Second and Third Declarations of Max Schoening and Second Declaration of Xandra Vaughn, the Proposed Order lodged concurrently herewith, any reply or supplemental briefing, and such other information or argument as may be presented at or before the hearing on these motions.

Dated:  March 3, 2026                    **QURESHI LAW PC**

By: */s/ Max A. Schoening*
      Omar G. Qureshi
      Max A. Schoening
      *Attorneys for Plaintiff Arturro Jordan*

## INTRODUCTION

Andrea Kornblau, counsel for Defendants City of Hemet and Jesse Zuniga, violated multiple ethical rules when she misrepresented her role in this case during unilateral communications with unrepresented witness Xandra Vaughn. As set forth in the Second Declaration of Xandra Vaughn, Ms. Kornblau misrepresented to Ms. Vaughn that she worked with undersigned counsel, omitted that she represents Defendants City of Hemet and Jesse Zuniga, and based on these misrepresentations and omissions elicited information from Ms. Vaughn about this case and her communications with undersigned counsel. *See* Second Vaughn Declaration ¶¶ 3-5. Ms. Kornblau then used information purportedly obtained during this unethical interview to support Defendants' motion for summary judgment. *See* ECF 92.

Ms. Kornblau's conduct violated the Rules of Professional Conduct of the State Bar of California, including Rule 4.1(a) (truthfulness in statements to others), Rule 4.3(a) (communications with an unrepresented person), and Rule 8.4(c) (engaging in conduct involving dishonesty, deceit, and intentional misrepresentation). These ethical violations threaten the integrity of these proceedings, especially considering Ms. Kornblau's pattern of making false statements to the Court in this case. The Court should therefore exercise its inherent powers to exclude any fruits of the ethical violations and to disqualify Ms. Kornblau from this case.

## RELEVANT FACTS

Xandra Vaughn is an unrepresented witness in this case. She signed a declaration about what she witnessed and the recording of the incident that she took on her phone, which Plaintiff submitted in his opposition to Defendants' summary judgment motion on February 16, 2026. ECF 89 Exhibit I; Second Vaughn Declaration ¶ 2. On February 18, Ms. Kornblau called Ms. Vaughn and represented that she worked with undersigned counsel, Max Schoening. Second

Vaughn Declaration ¶ 3; Second Schoening Declaration ¶ 2. Specifically, she said, "I work with Max," and "we're working on the case." Second Vaughn Dec. ¶ 3. At no point during the call did Ms. Kornblau disclose that she represents Defendant City of Hemet, any police officer, or Defendant Jesse Zuniga. *Id.* The following day, Ms. Kornblau called Ms. Vaughn—this time with fellow Manning Kass attorney Kimberly Aceves on the line—and again did not disclose that she represented Defendant City of Hemet, any police officer, or Defendant Jesse Zuniga. *Id.* ¶ 4. After these material misrepresentations and omissions about her role in this case, Ms. Kornblau asked Ms. Vaughn about her personal life, the details of this case, and her communications with undersigned counsel, including the preparation of Ms. Vaughn's first declaration, and whether undersigned counsel had paid Ms. Vaughn anything. *Id.* Believing that Ms. Kornblau worked with undersigned counsel, Ms. Vaughn started answering some of her questions. *Id.* However, Ms. Vaughn became suspicious that Ms. Kornblau was not who she claimed to be and asked her who she worked for. *Id.* At that point, Ms. Kornblau disclosed that she worked for the City of Hemet, prompting Ms. Vaughn to hang up. *Id.* Ms. Vaughn "felt deceived by the person who called" and it seemed to her that Ms. Kornblau "was trying to trick me into giving her information by hiding who she represents, and making it seem like she works with Max Schoening and for Arturro Jordan's legal team." *Id.* ¶ 5. Ms. Kornblau's office then used information it purports to have obtained during this unethical interview in support of Defendants' motion for summary judgment. *See* ECF 92.

## **ARGUMENT**

### I. The Court Should Grant Leave to Hear this Motion for Sanctions After the Motion Cutoff.

This Court set the motion cut-off for January 12, 2026. ECF 31 at 5. However, "good cause" exists to modify the schedule to hear this motion for sanctions. *See* Fed. R. Civ. P. 16(b)(4). Specifically, the facts giving rise to this

motion occurred after the motion cutoff—on February 18 and 19, 2026—and undersigned counsel has diligently pursued the motion upon learning of these facts. *See* Schoening Third Declaration. Accordingly, the Court should grant leave to hear the motion for sanctions after the motion cutoff.

## II. Defense Counsel's Ethical Violations Merit Disqualification From this Case.

"The disqualification of counsel because of an ethical violation is a discretionary exercise of the trial court's inherent powers." *Barajas v. City of Carlsbad*, 2022 WL 1509295, *3 (S.D. Cal. April 28, 2022) (citing *United States v. Wunsch*, 84 F.3d 1110, 1114 (9th Cir. 1996)). This authority "derives from the power inherent in every court to control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto." *Studio Transportation Drivers v. Happy Hour Prods., LLC*, 2009 WL 10675267, at *1 (C.D. Cal. Nov. 12, 2009) (citing *The People ex rel. Dept. of Corrections v. Speedee Oil Change Sys., Inc.*, 20 Cal.4th 1135, 1145 (1999)).

"Motions to disqualify involve a conflict between a client's right to his or her attorney of choice and the need to maintain ethical standards of professional responsibility." *Studio Transportation Drivers*, 2009 WL 10675267, at *1. The Court's "paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar." *Id.* (internal quotations omitted). The motions are subject to "particularly strict judicial scrutiny." *Id.* (quoting *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir. 1985)).

"To determine whether to disqualify counsel, the Court applies California law." *Fitzgerald v. Mercedes Benz USA, LLC*, 2021 WL 3620429, at *3 (C.D. Cal. Apr. 5, 2021) (citing *In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000) ("[W]e apply state law in determining matters of disqualification.")).

"Motions to disqualify proceed in two steps." *Fitzgerald*, 2021 WL 3620429, at *3. First, the court determines whether counsel has committed an ethical violation. *Id.* (citing *Rico v. Mitsubishi Motors Corp.*, 42 Cal. 4th 807, 815 (2007)). Second, if a violation has occurred, the "court considers whether disqualification is appropriate." *Id.* Because the purpose of disqualification is prophylactic rather than punitive, disqualification is appropriate if the misconduct will have a "substantial continuing effect" on the proceedings. *Gregori v. Bank of America*, 207 Cal. App. 3d 291, 303-309 (Cal. Ct. App. 1989); *Edwards v. CoreCivic of Tennessee, LLC*, 2021 WL 5303406, at *4 (S.D. Cal. Nov. 15, 2021) ("California case law is clear, however, that the 'substantial continuing effect' inquiry is the proper standard in addressing a request to disqualify counsel.")

### A. Defense Counsel Violated Ethical Rules When She Made Material Misrepresentations and Omissions to Unrepresented Witness Xandra Vaughn.

Central District of California Local Rule 83-3.1.2 provides that each attorney shall comply with the standards of professional conduct contained in the Rules of Professional Conduct of the State Bar of California. Witness Xandra Vaughn's Second Declaration shows that Ms. Kornblau violated Rule 4.1(a), 4.3(a), and 8.4(c) of the Rules of Professional Conduct of the State Bar of California when she communicated with Ms. Vaughn on February 18 and 19.

Rule 4.1 provides that "In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person." Cal. Rule of Prof. Conduct 4.1(a). Ms. Kornblau violated this rule when she called witness Xandra Vaughn on February 18, 2026 and told her, "I work with Max" and that "we're working on the case," without disclosing that she represented the City of Hemet, any police officer, or Defendant Zuniga. Second Vaughn Declaration ¶ 3.

Rule 4.3(a) provides: "In communicating on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person incorrectly believes the lawyer is disinterested in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding." Cal. Rule of Prof. Conduct 4.3(a). Comment number 1 to this rule states: "This rule is intended to protect unrepresented persons, whatever their interests, from being misled when communicating with a lawyer who is acting for a client." *Id.* Ms. Kornblau violated this rule when she called Ms. Vaughn, an unrepresented witness, on February 18 and 19 and misled her into believing that she was not acting in the interest of Defendants City of Hemet and Jesse Zuniga. Specifically, she called witness Xandra Vaughn on February 18, 2026 and told her, "I work with Max" and that "we're working on the case," without disclosing that she represented the City of Hemet, any police officer, or Defendant Zuniga. Second Vaughn Declaration ¶ 3. Then, on February 19, 2026, Ms. Kornblau called Ms. Vaughn and asked her questions about the case and her communications with Plaintiff's counsel, again without disclosing that she represented the interests of Defendants City of Hemet and Officer Zuniga. *Id.* ¶ 4.

Rule 8.4(c) provides that it is "professional misconduct for a lawyer to:… engage in conduct involving dishonesty, fraud, deceit, or reckless or intentional misrepresentation." Cal. Rule of Prof. Conduct 8.4(c) Ms. Kornblau violated this rule during her February 18 and 19 phone calls with Ms. Vaughn by misrepresenting that she worked with Plaintiff's counsel and failing to disclose that she represented Defendants City of Hemet and Zuniga. *See* Second Vaughn Declaration ¶¶ 3-4. As stated by Ms. Vaughn, "I felt deceived by the person who called me. It seems to me that she was trying to trick me into giving her information by hiding who she represents, and making it seem like she works with Max Schoening and for Arturro Jordan's legal team." *Id.* ¶ 5.

In sum, the facts stated in Ms. Vaughn's second declaration demonstrate violations of Rules 4.1(a), 4.3(a), and 8.4(c) of the Rules of Professional Conduct of the State Bar of California. If Defendants respond to this motion by denying the allegations in Ms. Vaughn's declaration, as Ms. Kornblau has already done in a prior declaration, *see* ECF 94 at 3, Plaintiff requests an evidentiary hearing to resolve these disputed factual issues, *see Visa U.S.A., Inc. v. First Data Corp.*, 241 F. Supp. 2d 1100, 1104 (N.D. Cal. 2003) ("The district court is permitted to resolve disputed factual issues in deciding a motion for disqualification and must make findings supported by substantial evidence.").

### 2. Disqualification is Appropriate.

Disqualification is appropriate because Ms. Kornblau's misconduct will have a "substantial continuing effect" on the proceedings. *Gregori*, 207 Cal. App. 3d at 303-309. Ms. Kornblau knowingly misled a crucial witness, Ms. Vaughn, to extract information from her, and then utilized the purported information to attempt to win a dispositive motion to dismiss the case. *See* ECF 92. The flagrant ethical violations and dishonesty jeopardize the integrity of the entire proceedings. Allowing counsel to remain in this case would undermine "public trust in the scrupulous administration of justice and the integrity of the bar." *Studio Transportation Drivers*, 2009 WL 10675267, at *1. The violations show that counsel cannot be trusted to litigate this case within ethical bounds, which will have a "substantial continuing effect" on the proceedings by casting doubt on their integrity.

Furthermore, as outlined below, Ms. Kornblau's false statements to the Court and frivolous, obstructionist opposition to discovery reinforce the appropriateness of disqualification.

//

//

//

### i.  Ms. Kornblau's Prior False Factual Assertions to Court.

- Ms. Kornblau asserted as fact in an opposition brief to Plaintiff's motion to compel that "Plaintiff agreed to amend the very requests Plaintiff now seeks responses to." ECF 37 at 7. This assertion was demonstrably false. *See* ECF 39 at 5-6.

- Ms. Kornblau asserted as fact in an opposition brief to Plaintiff's motion to compel that Plaintiff did not meet and confer about Defendants' waiver of their objections. ECF 37 at 7 and 15. This assertion was demonstrably false. *See* ECF 39 at 7-8.

- Ms. Kornblau asserted as fact in a sworn declaration and opposition brief to Plaintiff's motion to compel that Plaintiff did not dispute defendants' assertion of privilege until filing the motion to compel. ECF 37 at 14; 37-2 ¶ 15. This assertion was demonstrably false. *See* ECF 39 at 8-9.

- Ms. Kornblau asserted as fact in her opposition to Plaintiff's request for sanctions that "Plaintiff filed his Motion to Compel Before Attempting in Good Faith to Obtain the Disclosure of Discovery Without Court Action." ECF. 47 at 3, 8. This assertion was demonstrably false. *See* ECF 51 at 4-5.

- Ms. Kornblau asserted as fact in her opposition to Plaintiff's request for sanctions that "at the time of filing of his motion the requests were duplicative of a California Public Records Act request, <u>for which Plaintiff had already partially received documents</u>." ECF 47 at 3 (emphasis added). This assertion was demonstrably false. *See* ECF 51 at 6.

- Ms. Kornblau asserted as fact in an objection that "Plaintiff's request to extend the date of the Discovery Cut-off referenced depositions only with respect to '***depositions based on <u>new information</u>*** generated in

*response to the motion to compel.*" ECF 58 at 3. This assertion was demonstrably false. *See* ECF 59 at 5.

- Ms. Kornblau asserted as fact in an opposition brief to Plaintiff's ex parte that Defendants served "amended request for production of document responses on December 15, 2025," ECF 71 at 5, which would have been within the discovery cutoff and prior to Plaintiff filing his ex parte. This assertion was demonstrably false. *See* ECF 74 at 2-3.

### ii. The Chief Magistrate Judge Has Criticized Ms. Kornblau's Improper Discovery Tactics in This Case.

- The Chief Magistrate Judge found that Ms. Kornblau's "instructions to Mr. Reynoso not to answer questions based on Plaintiff's assertion of his Fifth Amendment right against self-incrimination **were frivolous**." ECF 62 at 17 (emphasis added).
- The Chief Magistrate Judge found that Ms. Kornblau's "objections throughout Mr. Reynoso's deposition were not only largely without legal merit but also **bordered on obstructionist**." *Id.* (emphasis added).
- The Chief Magistrate Judge found that Ms. Kornblau's "efforts to limit the Zuniga deposition to three hours because defense counsel had childcare issues on the scheduled deposition date (that Plaintiff had attempted to schedule as early as July of this year) and her refusal to agree to an adjournment of this key deposition **smacks of gamesmanship**." *Id.* at 18 (emphasis added).

### III. This Court Should Exclude Information Obtained Through Ms. Kornblau's Unethical Communications with Ms. Vaughn.

Federal courts have inherent authority to "impose ... submission to their lawful mandates." *Gregory v. State of Montana*, 118 F.4th 1069, 1077 (9th Cir. 2024) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)) Such "inherent powers" include the "discretion ... to fashion an appropriate sanction for conduct

which abuses the judicial process." *Id.* (quoting *Chambers*, *Id.* at 44-45.) "A district court may, among other things, dismiss a case in its entirety, bar witnesses, exclude other evidence, award attorneys' fees, or assess fines." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021). The sanction must "track[] the loss resulting from the wrong." *Id.* at 1089. Courts may impose a sanction based on a finding of "bad faith," which may be "found in the conduct of litigation." *Id.* at 1090.

Here, the ethical violations by Ms. Kornblau warrant the sanction of "the exclusion of any fruits" of her conversation with Ms. Vaughn. *Henry A. v. Willden*, 2014 WL 1809634, *15 (D. Nev. May 7, 2014) (holding that, if the allegations of Rule 4.2 and 4.3 violations "are true, an appropriate sanction would be the exclusion of any fruits of the violation, plus disqualification of any NCYL attorney who directed the improper conduct or ratified it by using the improper information at the deposition or by not reporting the violation to the Court.") Misleading an unrepresented witness about a counsel's interest in the matter is so obviously unethical that there can be no question as to bad faith. Ms. Kornblau violated Rules 4.1(a), 4.3(a), and 8.4(c) to obtain information from Ms. Vaughn, so excluding that information rights the wrong.

### IV.  CONCLUSION

For the foregoing reasons, this Court should disqualify Andrea Kornblau from this case and exclude any information she obtained from witness Xandra Vaughn during her unethical communications.

Dated: March 3, 2026      **QURESHI LAW PC**

By: */s/ Max A. Schoening*
Max A. Schoening
Omar G. Qureshi

*Attorneys for Plaintiff Arturro Jordan*

**Local Rule 11-6.2 Certification**

I am an attorney for Plaintiff. This brief contains 2,671 words, excluding the items exempted by Local Civil Rule 11-6.1. I certify that this brief complies with the word limit of L.R. 11-61.

Dated: March 3, 2026     **QURESHI LAW PC**

By: */s/ Max A. Schoening*
Max A. Schoening
Omar G. Qureshi
*Attorneys for Plaintiff Arturro Jordan*