eUNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-1362 JGB (KSx)** | Date | April 9, 2026 |
|---|---|---|---|
| Title | ***Arturro Jordan v. City of Hemet, et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) DENYING Plaintiff's Motion for Sanctions (Dkt. No. 95); (2) DENYING Defendants' Request for Sanctions (Dkt. No. 99); and (3) VACATING the April 13, 2026 Hearing  (IN CHAMBERS)**

Before the Court is plaintiff Arturro Jordan's motions for leave to have the sanctions motion heard and for sanctions.  ("Motion," Dkt. No. 95.)  The Court determines this matter is appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support of and in opposition to the Motion, the Court **DENIES** the Motion.  The Court **VACATES** the April 13, 2026 hearing.

## I.   BACKGROUND

On July 1, 2024, plaintiff Arturro Jordan ("Plaintiff") filed a complaint against the City of Hemet ("Hemet"), Jesse Zuniga ("Zuniga") (collectively, "Defendants"), and Does 1-10. ("Complaint," Dkt. No. 1.)  Plaintiff alleges five counts: (1) excessive force in violation of the Fourteenth Amendment (42 U.S.C. § 1983); (2) municipal liability – unconstitutional policy, practice, or custom (42 U.S.C. § 1983), (3) municipal liability – failure to train (42 U.S.C. § 1983), (4) municipal liability – ratification (42 U.S.C. § 1983), and (5) supervisory liability (42 U.S.C. § 1983).  (Id. ¶¶ 27-99.)  On December 15, 2025, Defendants filed a motion for summary judgement.  ("MSJ," Dkt. No. 68.)  On March 3, 2026, Plaintiff filed the Motion.  (Motion.)  On March 16, 2026, Defendants opposed the Motion and filed their own request for sanctions pursuant to 28 U.S.C. § 1927.  ("Opposition," Dkt. No. 99.)  On March 23, 2026, Plaintiff filed a reply to the Opposition.  ("Reply," Dkt. No. 100.)  On March 27, 2026, the Court granted-in-part and denied-in-part the MSJ.  (Dkt. No. 101.)

---

## II.   LEGAL STANDARD

A district court "has primary responsibility for controlling the conduct of attorneys practicing before it." Paul E. Iacono Structural Eng'r, Inc. v. Humphrey, 722 F.2d 435, 438 (9th Cir. 1983). Furthermore, federal courts hold those "inherent powers . . . which are necessary to the exercise of all others, and include the well-acknowledged inherent power . . . to levy sanctions in response to abusive litigation practices." Fjelstad v. Am. Honda Motor Co., 762 F.2d 1334, 1338 (9th Cir. 1985) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 764–65 (1980)) (citation modified). Courts most commonly use their inherent powers to levy a "contempt sanction . . . to 'protect[ ] the due and orderly administration of justice' and 'maintain[ ] the authority and dignity of the court.'" Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997) (citing Cooke v. United States, 267 U.S. 517, 539 (1925)). A court may also employ its inherent powers to sanction a party who acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. (internal citation omitted). This inherent power is reflected in this District's local rules, which adopt the Rules of Professional Conduct of the State Bar of California. See L.R. 83-3.

"[S]anctions imposed under the district court's inherent authority require a bad faith finding." Lahiri v. Universal Music & Video Distrib. Corp., 606 F.3d 1216, 1219 (9th Cir. 2010). Bad faith arises where "an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent" or where a party "demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." Primus Auto. Fin. Servs., 115 F.3d at 649 (internal citations omitted). "[A] finding of bad faith 'does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees.'" In re Itel Sec. Litig., 791 F.2d 672, 675 (9th Cir. 1986) (quoting Lipsig v. Nat'l Student Mktg. Corp., 663 F.2d 178, 182 (D.C. Cir. 1980)); see also Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001) ("[S]anctions are justified when a party acts for an improper purpose—even if the act consists of making a truthful statement or a non-frivolous argument or objection.").

In addition to the Court's inherent powers to impose sanctions, a court may impose sanctions under 28 U.S.C. § 1927 on "[a]n attorney who unreasonably and vexatiously 'multiplies the proceedings.'" Lahiri, 606 F.3d at 1218-19. Recklessness is sufficient to impose sanctions under 28 U.S.C. § 1927. B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107 (9th Cir. 2002), as amended (Feb. 20, 2002).

## III.   DISCUSSION

Plaintiff moves for sanctions against Defendants based on defense counsel Andrea Kornblau's ("Kornblau" or "Defense Counsel") alleged misrepresentations or omissions during her telephonic conversation with witness Xandra Vaughn ("Vaughn"). (See Motion.) Defendants request sanctions under 28 U.S.C. § 1927 for the time spent defending against the Motion, which Defendants argue is "utterly without merit." (Opp. at 18-19.)

---

## A. Leave to Hear the Motion

Plaintiff first asks the Court to grant leave to hear the Motion because it was filed after January 12, 2026—the deadline to hear cases in the scheduling order. (Mot. at 4.) Plaintiff argues that "good cause" exists because the facts giving rise to the motion did not occur until February 18 and 19, 2026—subsequent to the deadline—and Plaintiff has acted diligently to file the Motion. (Mot. at 3-4.) Defendants do not make any argument in opposition. (See Opp.)

A scheduling order can only be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). As the facts giving rise to the Motion occurred in mid-February and Plaintiff filed the Motion on March 3, 2026, the Court finds that Plaintiff acted diligently and has established "good cause" to warrant consideration of this motion.

## B. Motion to Hear Sanctions

Defendants challenge the Motion by arguing that Plaintiff does not have standing to bring the Motion. (Mot. at 12-13.) Standing requires an (1) "injury in fact," which is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) causation, and (3) redressability. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). The leading case in the Ninth Circuit as to standing for purposes of a motion for disqualification is Colyer v. Smith, 50 F. Supp. 2d 966 (C.D. Cal. 1999). In that case, Judge Robert J. Timlin determined that, where a "non client litigant" seeks to disqualify an attorney, only a "former or current client" would have standing. Id. at 971. However, Judge Timlin also concluded that a "non client litigant" may have standing "in a case where the ethical breach so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of her claims" where disqualification is sought on the basis of a "third-party conflict of interest or other ethical violation." Id. at 971-72.

The Court notes that Plaintiff points to no case, and the Court has been unable to find any, where a court disqualified defense counsel on Plaintiff's motion due to ethical violations arising from communication between defense counsel and a witness. The Court further notes that motions to disqualify are "strongly disfavored and are subjected to 'particularly strict judicial scrutiny.'" S.E.C. v. King Chuen Tang, 831 F. Supp. 2d 1130, 1142 (N.D. Cal. 2011) (citing Optyl Eyewear Fashion Intern. Corp. v. Style Companies, Ltd., 760 F.2d 1045, 1050 (9th Cir. 1985)). Even taking Plaintiff's allegations as true, the Court is not persuaded that Kornblau's alleged failure to properly identify herself to Vaughn in a phone call is an ethical violation that "so infects the litigation . . . that it impacts the moving party's interest in a just and lawful determination of her claims." Colyer, 50 F. Supp. 2d at 971-72. The alleged conduct pertains to one witness and to one piece of evidence. Furthermore, "disciplinary rules promulgated by bar associations are not intended to be used as procedural weapons in disqualification cases. Gregori

v. Bank of Am., 207 Cal. App. 3d 291, 303, 254 Cal. Rptr. 853 (Ct. App. 1989), modified (Feb. 17, 1989).

Finally, the Court notes as to the alleged injury that the Court largely denied the MSJ and, for purposes of the MSJ, considered the video that was the subject of Kornblau's and Vaughn's conversation.  (MSJ Order.)  As to the upcoming trial and the admissibility of the video at trial, any injury at this stage is too speculative.  Accordingly, the Court **DENIES** the Motion as to both the request for the disqualification of Kornblau and for the exclusion of Kornblau's conversation with Vaughn.

## C. Request for Sanctions

As to Defendants' request for sanctions under 28 U.S.C. § 1927, the Court does not find the Motion to have been frivolous and takes the alleged ethical violations seriously.  (Opp. at 18-19).  The Court observes that both parties have aggressively litigated this case, including multiple motions to compel, motions for review of the magistrate judge's orders, and previous requests for sanctions.  Both sides have skirted the bounds of reasonableness with their aggressive litigation tactics.  As this case proceeds, "[t]he parties are advised to chill."  Mattel, Inc. v. MCA Recs., Inc., 296 F.3d 894, 908 (9th Cir. 2002).

The Court **DENIES** Defendants' request for sanctions.

## IV.   CONCLUSION

For the above reasons, the Court **DENIES** the Motion and Defendants' request for sanctions.  The Court **VACATES** the April 13, 2026 hearing.